UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GURDEEP BOPARAI, | CASE NO. 2:24-cv-02045-JNW |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | |
| THE KROGER COMPANY et al., | |
| Defendants. | |

Pro se Plaintiff Gurdeep Boparai pursues this action against Defendant The Kroger Company (Kroger) and two of its agents in forma pauperis (IFP). Dkt. No. 3. When a plaintiff proceeds in forma pauperis, the court must dismiss the action if the court determines the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). When reviewing complaints under § 1915(e)(2)(B), courts necessarily consider *only* the operative complaint. *See Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) (holding that an amended complaint supersedes the original and renders the original of no legal effect).

ORDER TO SHOW CAUSE - 1

Under the Federal Rules of Civil Procedure, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). Thus, a "document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Courts are not to "dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (citing *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir.1988) (per curiam))). But even so, the duties imposed on the Court by § 1915(e) are unwavering, and when an IFP plaintiff fails to state a claim on which relief may be granted, the action must be dismissed. Likewise, the Federal Rules require a complaint to offer: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. Fed. R. Civ. P. 8.

Boparai asserts that his employer, Kroger, and its agents defamed him and discriminated against him on the basis of disability and race. *See* Dkt. No. 4 at 5. Boparai does not recall the surnames of the two Kroger agents but provides their first names—Linda and Holy—as well as their positions within the company. The complaint, however, does not specify Boparai's causes of action, nor does it state whether his claims are based on federal or state law. *See id.* As Boparai does not allege federal question jurisdiction, *see id.* at 3, the Court assumes that his potential claims arise under Washington law. But ultimately, having read through the

ORDER TO SHOW CAUSE - 2

factual allegations, *see id.* at 5–7, the Court struggles to understand the basis of Boparai's claims.

Additionally, while Boparai alleges that this Court has subject-matter jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction), the complaint's factual allegations defeat diversity jurisdiction. Diversity jurisdiction exists when the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). Here, Boparai alleges that he, Linda, and Holy are each Washington residents who live and work in Washington. Thus, diversity jurisdiction doesn't apply.

The Court finds that the operative complaint, Dkt. No. 4, fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly, the Court ORDERS:

- Boparai may file an amended complaint that states a claim on which relief may be granted by January 31, 2025. Failure to do so by the deadline will result in dismissal of this action under 28 U.S.C. § 1915(e)(2)(B), without prejudice.

- If filed, the amended complaint will serve as a complete substitute for the current complaint. Thus, any amended complaint must not incorporate the original complaint by reference. Any amended complaint must clearly identify the legal claims and the facts that support each claim.

ORDER TO SHOW CAUSE - 3

Dated this 27th day of December, 2024.

                                                                                      *Jamal W*

                                                                         Jamal N. Whitehead
                                                                         United States District Judge