UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GURDEEP BOPARAI, | CASE NO. 2:24-cv-02045-JNW |
| Plaintiff, | ORDER DENYING MOTION TO APPOINT COUNSEL |
| v. | |
| FRED MEYER COMPANY, et al., | |
| Defendants. | |

Plaintiff Gurdeep S. Boparai proceeds pro se and in forma pauperis (IFP) in this employment discrimination case. Boparai's motion to appoint counsel comes before the Court. Dkt. No. 23. Having considered the motion, the record, and the relevant law, the Court is fully informed and denies the motion with leave to renew.

The constitutional right to appointed counsel "exist[s] only where the litigant may lose [their] physical liberty if [they lose] the litigation." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). In its discretion, a court may appoint counsel for indigent litigants in civil actions proceeding IFP under 28 U.S.C. § 1915(e)(1). *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). But the Court cannot compel counsel to provide representation. *Mallard v. United*

ORDER DENYING MOTION TO APPOINT COUNSEL - 1

*States Dist. Court*, 490 U.S. 296, 298 (1989). Instead, the Court may only "request" counsel to serve. 28 U.S.C. § 1915(e)(1).

The decision to request pro bono counsel rests within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (internal quotation omitted). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate [their] claims pro se in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). The factors must be viewed together before deciding whether to appoint counsel, but neither factor is dispositive . *Id.* at 1331.

Finally, litigants in this district must submit a declaration stating the party's efforts to obtain counsel by means other than appointment, including having connected with at least two other attorneys without securing representation. *See* General Order 07-23, § 3(b).

Boparai's application does not state whether he has met with attorneys; he states only that he has tried to find an employment attorney and cannot afford one. Dkt. No. 23 at 2. Nor does the motion directly address the merits of his claims. On this minimal record, the Court does not find that exceptional circumstances exist such that it should appoint counsel for Boparai.

Accordingly, the Court DENIES the motion to appoint counsel with leave to renew. Dkt. No. 23. If Boparai renews his motion, he must comply with the Local Civil Rules and provide some argument on the merits of his claims.

Dated this 17th day of June, 2025.

_____
Jamal N. Whitehead
United States District Judge

ORDER DENYING MOTION TO APPOINT COUNSEL - 3