UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GURDEEP BOPARAI,<br><br>Plaintiff,<br><br>v.<br><br>FRED MEYER COMPANY, et al.,<br><br>Defendants. | CASE NO. 2:24-cv-02045-JNW<br><br>ORDER GRANTING DEFENDANTS' FRCP 12(B)(6) MOTION TO DISMISS INDIVIDUAL DEFENDANTS |

This matter comes before the Court on Defendants Fred Meyer Stores, Inc., Linda Guddat, and Holly Boyles' Motion to Dismiss Individual Defendants under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 21. Plaintiff Gurdeep Boparai did not file a response to the motion. Having reviewed the pleadings, the Court GRANTS the motion in part as set forth below.

**1. BACKGROUND**

Boparai, proceeding pro se, filed this employment discrimination action against Fred Meyer Stores, Inc., and individual employees Linda Guddat (Human Resources Assistant Store Leader) and Holly Boyles (Asset Protection Manager). Dkt. No. 19. Boparai alleges he was terminated because of his disability and in

ORDER GRANTING DEFENDANTS' FRCP 12(B)(6) MOTION TO DISMISS INDIVIDUAL DEFENDANTS - 1

retaliation for complaining about disability discrimination. The complaint seeks relief under the Americans with Disabilities Act ("ADA") and alleges "retaliation" under unspecified federal law. *Id.* In Appendix B to the complaint, Boparai also alleges he was discriminated against based on his "color." Dkt. No. 19-1 at 10.

## 2. DISCUSSION

### 2.1 Legal standard.

Under Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss a complaint that fails to state a claim upon which relief can be granted. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court accepts factual allegations as true and construes them in the light most favorable to the plaintiff, but need not accept legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

For pro se plaintiffs, courts must construe pleadings liberally and should not dismiss without leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015).

### 2.2 Individual Defendants cannot be held liable under the ADA or Title VII.

Defendants correctly argue that individual employees cannot be held personally liable under the ADA or Title VII. The Ninth Circuit has consistently held that these federal employment discrimination statutes limit liability to "employers," not individual employees. *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993); *Walsh v. Nevada Dep't of Hum. Res.*, 471 F.3d 1033, 1038 (9th

Cir. 2006). This prohibition applies to all individual employees, regardless of their supervisory status. *See Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1189 (9th Cir. 1998).

Because Guddat and Boyles are individual employees, they cannot be held liable under the ADA or Title VII. Boparai's claims against the individual defendants under these statutes must be dismissed.

**2.3    Plaintiff's color discrimination allegation fails to state a plausible Section 1981 claim.**

Although not clearly articulated, Boparai's allegation that he was discriminated against based on his "color" could potentially support a claim under 42 U.S.C. § 1981, which permits individual liability. Unlike Title VII and the ADA, Section 1981 allows claims against individual defendants. However, to state a plausible Section 1981 claim, a plaintiff must establish three essential elements: (1) he is a member of a racial minority; (2) the defendant intended to discriminate against him on the basis of race or color; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., the right to make and enforce contracts). *Blackshire v. County of Yuba*, 648 F. Supp. 3d 1221, 1232 (E.D. Cal. 2023); *Newman v. Google LLC*, 2021 WL 2633423, at *5 (N.D. Cal. June 25, 2021). Additionally, the plaintiff must show that the discriminatory conduct was a "but-for" cause of the injury. *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1013 (2020).

Boparai has not identified his race or color, nor has he alleged facts supporting an inference that the individual defendants intentionally discriminated

ORDER GRANTING DEFENDANTS' FRCP 12(B)(6) MOTION TO DISMISS INDIVIDUAL DEFENDANTS - 3

against him based on race or color. The complaint contains only a conclusory allegation of color discrimination without supporting factual content. This falls short of the plausibility standard required under *Twombly* and *Iqbal*.

**2.4   Leave to amend.**

Because Boparai proceeds pro se and may be able to cure the deficiencies in his complaint regarding potential individual liability claims, dismissal *without prejudice* is appropriate. While individual employees clearly cannot be liable under the ADA or Title VII, Boparai should have an opportunity to amend if he can plausibly allege facts supporting individual liability under Section 1981 or other applicable federal civil rights statutes.

### 3.  CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss Individual Defendants is GRANTED. Plaintiff's claims against Linda Guddat and Holly Boyles under the ADA and Title VII are DISMISSED with prejudice. Any potential claims against the individual defendants under Section 1981 or other federal civil rights statutes are DISMISSED without prejudice.

Boparai may file an amended complaint within twenty-one (21) days of this order if he believes he can state a plausible claim for individual liability. Any amended complaint must: (1) clearly identify Boparai's race or color; (2) allege specific facts showing that the individual defendants intentionally discriminated against him based on race or color; and (3) allege facts showing the discrimination

concerned the making or enforcement of his employment contract. Mere conclusory allegations will not suffice.

Failure to file an amended complaint within the specified time will result in dismissal of all claims against the individual defendants. The Clerk of the Court is DIRECTED to set a case management deadline twenty-one (21) days from the date of this order.

Dated this 17th day of July, 2025.

Jamal N. Whitehead
United States District Judge

ORDER GRANTING DEFENDANTS' FRCP 12(B)(6) MOTION TO DISMISS INDIVIDUAL DEFENDANTS - 5